GEORGE WASHINGTON PHARES, Appellant, v. CENTURY ELECTRIC COMPANY, a Corporation.—111 S. W. (2d) 11.

Division One, December 14, 1937.

*Mason & Flynn* for appellant.

*S. P. McChesney* and *George A. Ryan* for respondent.

GANTT, J.—Action for personal injuries. Judgment for defendant. This is the second appeal. On the first appeal a judgment for plaintiff was reversed and the cause remanded. We sustained the trial court in overruling the demurrer to the evidence but remanded the cause for error in an instruction. The opinion in that case states the facts. [Phares v. Century Electric Co., 336 Mo. 961, 82 S. W. (2d) 91.]

The petition was the same at both trials. It alleged several acts of negligence. However, the case was submitted solely on the allegation that plaintiff tended three metal melting furnaces in defendant's foundry; that the furnaces are in line end to end, five feet apart, and heated by electricity; that the ends of the electrodes in the west end of furnace No. 3 and the east end of furnace No. 2 are opposite and from ten to twenty-four inches apart; that it was plaintiff's duty to insert electrodes in the furnaces; that an electrode was needed in furnace No. 2, which was not in operation and free from current; that furnace No. 3 was in operation and charged with a dangerous current; that plaintiff asked the foreman's permission to disconnect the current in furnace No. 3 before inserting the electrode in furnace No. 2, which permission was refused; that the foreman then and there negligently ordered plaintiff to insert the electrode in furnace No. 2 while furnace No. 3 was in operation; that plaintiff attempted to do so, and while so engaged came in contact with the current of furnace No. 3 and was permanently injured.

The answer was a general denial with a plea of contributory negligence in that (a) plaintiff negligently attempted to insert the electrode in furnace No. 2 while furnace No. 3 was in operation; and (b) negligently permitted the electrode he was inserting in furnace No. 2 to come in contact with the electrode in furnace No. 3, which was charged with electricity.

The reply admitted that plaintiff attempted to insert the electrode in furnace No. 2 while furnace No. 3 was in operation, but alleged that he did so on order of the foreman, who refused permission to

disconnect the current from furnace No. 3 before inserting the electrode in furnace No. 2.

At the first trial the foreman was not a witness. At the second trial he denied that plaintiff asked permission to disconnect the current in furnace No. 3, and denied that he ordered plaintiff to insert the electrode in furnace No. 2 while furnace No. 3 was in operation. Otherwise, the testimony at the second trial was substantially the same as at the first trial. The question of defendant's negligence was submitted by a proper instruction. The errors assigned are on the issue of contributory negligence.

I. Plaintiff challenges an instruction as follows:

"The Court instructs you that even if you should find and believe from the evidence that plaintiff's foreman ordered him to place an electrode in furnace number two while furnace number three was in operation, yet if you further find that there was danger of receiving an electric shock by placing said electrode in furnace number two under the circumstances then existing, and if you find that plaintiff knew and recognized such danger then plaintiff is not entitled to recover and your verdict must be for the defendant."

In this connection it should be stated that plaintiff admitted at both trials that he knew the insertion of the electrode in furnace No. 2, while furnace No. 3 was in operation, would be dangerous. Even so, on the first appeal we ruled that plaintiff was not guilty of contributory negligence as a matter of law. In other words, he would not be guilty of negligence unless the danger was so threatening and imminent that a person of ordinary prudence would have refused to obey the order, if any, of the foreman. It was a question for the jury. In effect, the instruction directed a verdict for defendant. It was erroneous and prejudicial.

II. Plaintiff also challenges an instruction as follows:

"The Court instructs you that if you find and believe from the evidence that on the occasion complained of by plaintiff, plaintiff received an electric shock in attempting to place an electrode in furnace number two while furnace number three was in operation, and if you further find that plaintiff handled said electrode in such manner as to cause it or some part of plaintiff's body to come in contact with the electrode in furnace number three, and that in so handling said electrode the plaintiff was negligent, and that such negligence, if any, caused or contributed to cause plaintiff's injury, if any, then plaintiff is not entitled to recover and your verdict must be for the defendant."

He contends that there was no evidence authorizing this instruction. The evidence presented by the record as to the manner in

which plaintiff handled the electrode in making the insertion is meager. In this situation and in view of a retrial, we should not rule the question. On retrial, the facts as to the manner in which plaintiff handled the electrode may be developed, and the court afforded an opportunity to properly consider the question.

The judgment should be reversed and the cause remanded. It is so ordered. *Frank, P. J.,* and *Hays, J.,* concur; *Douglas, J.,* not sitting.